IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stafford Kearse, #241166, ) | CIVIL ACTION NO. 9:12-1704-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dennis Patterson, Area Coordinator; ) | |
| Florence Mauney, Assoc. Warden; and ) | |
| Classification Medvar, Perry Case Worker, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 1, 2012, together with a supplement to his motion on November 5, 2012. After receiving an extension of time to file a response, the Defendants filed a response in opposition to Plaintiff's motion, as well as their own motion for summary judgment, On November 19, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 20, 2012, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

After receiving an extension of time, Plaintiff filed a memorandum in opposition to



the Defendants' motion for summary judgment on January 9, 2013, following which the Defendants filed a reply memorandum, to which Plaintiff filed a sur reply on February 4, 2013. These motions are now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] that he is confined at the Perry Correctional Institution (PCI) in Pelzer, South Carolina. Plaintiff alleges that sometime between nine and eleven a.m. on May 27, 2011, he was taken to the Institutional Classification Committee (ICC) without prior notice for a hearing relating to a charge of sexual assault upon another inmate, which Plaintiff alleges had occurred back on October 14, 2008. Plaintiff alleges that at the time of this hearing, he had already served a disciplinary detention and the imposition of sanctions for this offense, but that he was told he was not placed on security detention back in 2008 because "they didn't catch it". Plaintiff further alleges that he was told the Prison Rape Elimination Act of 2003 (PREA) justified the hearing, following which he was designated a sexual predator.

Plaintiff alleges that his designation as a sexual predator violated his due process and equal protection rights because he was not given proper notice of the ICC hearing and a "proper chance to respond to the issues . . . ." Plaintiff asks that his record be expunged, that he be taken off security detention, and that he be awarded monetary damages. See generally, Verified Complaint.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgments. As these are dispositive motions this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



In support of summary judgment in the case, the Defendants have submitted an affidavit with attached exhibits from Ann Hallman, Chief of the Inmate Grievance Branch of the South Carolina Department of Corrections. Hallman attests that Plaintiff filed a Step 1 Grievance concerning his classification, which was received on June 16, 2011. See also, attached Exhibit A [Step 1 Grievance Form for Grievance No. PCI 1401-11]. Hallman attests that this grievance was denied with a finding by the Warden that "[p]roper procedures were followed concerning your custody status and it appears you were placed in the proper custody level". Hallman further attests that Plaintiff then filed a Step 2 Grievance, but did not do so with the Institution Inmate Grievance Coordinator, as required by SCDC policy.[3] Rather, Plaintiff filed his Step 2 Grievance directly with "Headquarters". Hallman attests that Plaintiff's Step 2 Grievance form was returned to him unprocessed due to his failure to submit the grievance to the IGC as required by SCDC policy. See also, attached Exhibit B [Step 2 Grievance Form]. See generally, Hallman Affidavit, with attached exhibits.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the

---

[3]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

3



pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue in their motion, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. After careful review and consideration of the arguments and evidence presented, the undersigned is constrained to agree. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718  (7th Cir.  2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were

4



available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted the affidavit from Ann Hallman with attached exhibits showing that Plaintiff failed to exhaust his administrative remedies with respect to this claim prior to filing this lawsuit. Specifically, the evidence submitted shows that Plaintiff filed a Step 1 Grievance, which was denied, following which Plaintiff submitted a Step 2 Grievance form by sending it directly to SCDC headquarters. Hallman attests that was not in compliance with how the grievance procedure works, and the Step 2 form was therefore returned to the Plaintiff unprocessed. There is no evidence before the Court to show, and indeed Plaintiff does not even argue, that he thereafter attempted to re-file the Step 2 Grievance with the ICG, which Hellman attests is the proper procedure. Roberson v. South Carolina Dep't of Corrections, No. 09-1333, 2010 WL 679070 at * 7 (D.S.C. Feb. 24, 2010)["Because Plaintiff failed to resubmit his grievance in proper form, he did not exhaust his administrative remedies . . . ."]. Therefore, Defendants argue this case is subject to dismissal. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial].

Plaintiff argues in opposition to the Defendants' motion that the SCDC's grievance

5



procedure provides that if the inmate does not receive a final response through the Step 2 process within one hundred fourteen (114) days, then the grievance process can be deemed exhausted for purposes of allowing an inmate to proceed with a lawsuit in federal court. Cf. Jones v. Kay, No. 07-3480, 2007 WL 4292416, at * 5 (D.S.C. Dec. 5, 2007); Hardin v. South Carolina Department of Corrections, No. 07-0009, 2007 WL 675632, at * 3 (D.S.C. Feb. 28, 2007).  However, while Plaintiff might have an argument for having filed this lawsuit pursuant to this procedure if he had proceeded to do so after failing to receive a response to his Step 1 Grievance prior to the expiration of this 114 day time period, it is clear in the evidence (and indeed in Plaintiff's own exhibits and arguments) that that is not what he did.  Rather, he waited until he received the response to his Step 1 Grievance, following which he incorrectly processed his Step 2 appeal and did not then correct his filing or *properly* pursue and exhaust his Step 2 Grievance appeal procedure, as required. Cf. Sansbury v. Ozmint, No. 07-383, 2007 WL 858860 at *3, n. 2 (D.S.C. Mar. 19, 2007)[Stating in *dicta* that "[t]he full time period may be longer [than 114 days] if a response is received from the Warden and a Step 2 is required."]; Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Inmate abandoned grievances where he fail to properly complete and return Step 2 Inmate Grievance Form].

Plaintiff cannot fail to properly pursue and exhaust the prison's Step 2 grievance appeal procedure, and then come into this Court claiming a right to proceed anyway on the ground that he did not receive a timely response to his Step 1 grievance. Plaintiff should have pursued that avenue for relief at the time, if he was going to do so. Instead, he waited until he received a response and then failed to properly perfect and exhaust his Step 2 appeal. Cf. Randolph v. Joyner, No. 06-0052, 2006 WL 2459482 at *4 (D.S.C. July 20, 2006), adopted by, 2006 WL 2569528 (D.S.C. Aug.



11, 2006)[Finding that even though Step 1 grievance was not returned to prisoner until 103 days after its filing (which is beyond the initial 40 days allowed to process a Step 1 grievance), "[s]ince he proceeded to Step 2 upon receipt of the belated response to Step 1, he perfected the grievance himself."].  In fact, Plaintiff did not file this lawsuit until over seven (7) months after, having received his Step 1 response, he failed to properly pursue and exhaust his Step 2 grievance appeal. See Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Blakely v. Tatarsky, No. 08-3609, 2009 WL 2922987 at * 5 (D.S.C. Sept. 1, 2009)["It appears, however, that the plaintiff did nothing after the grievance(s) were returned as either unprocessed or denied. . . . Whether or not the plaintiff now has some legitimate argument as to why his grievances should have been processed is immaterial.  He did not proffer that same argument to the defendants, as far as the Court has been informed.  It cannot be said, in this case, that administrative remedies were simply unavailable to him."].

       Plaintiff also argues a second basis for being allowed to proceed with this lawsuit. Plaintiff asserts in his memorandum opposing summary judgment that he appeared before the ICC concerning his classification a second time on April 26, 2012 (Plaintiff's classification is apparently subject to periodic review), and that when the ICC continued him on "sexual predator" status he filed another Step 1 grievance that was received by prison authorities on May 9, 2012.  Plaintiff argues that the Defendants failed to respond to this grievance "per policy and procedure", and that he has therefore exhausted his administrative remedies with respect to this claim as a result of grieving this second hearing re-affirming his custody status.  However, even assuming for purposes of summary



judgment that Plaintiff did file another grievance on May 9, 2012[4] following an ICC proceeding in April 2012, that would not count as an exhaustion by Plaintiff of his administrative remedies, because Plaintiff subsequently submitted this lawsuit for filing on June 11, 2012 (date received in PCI mail room)[5], well before a response was required or the expiration of any one hundred fourteen (114) days. See Graham v. Perez, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000)[Where prisoner files a grievance but fails to afford prison officials adequate time to respond before filing his Complaint, Prisoner has failed to exhaust available administrative remedies]. Further, even if that grievance (again assuming for purposes of summary judgment that one was actually filed) has now been properly exhausted (of which there is no evidence), that would not save Plaintiff's lawsuit from dismissal. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while litigation is pending]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)[Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

In sum, based on the material and arguments presented to this Court, the undersigned finds that the evidence is sufficient to meet the Defendants' burden of establishing Plaintiff's failure to exhaust his administrative remedies with respect to his claim. Therefore, the Defendants are entitled to summary judgment. Hyde, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Cannon, 418 F.3d at 719 [Prisoner may not file a

---

[4] A copy of this alleged grievance has not been provided to the Court.

[5] Houston v. Lack, 487 U.S. 266, 270-76 (1988)[prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court].



lawsuit before exhausting his administrative remedies]; Jordan, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted where inmate did not appeal denial]; Porter, 534 U.S. 516 [exhaustion required for all actions brought with respect to prison conditions]; Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility].[6]

## Conclusion

Based on the foregoing, it is recommended that Plaintiff's motion for summary judgment be **denied**, that the Defendants' Motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 12, 2013
Charleston, South Carolina

---

[6] While the Defendants have submitted additional arguments and exhibits to justify dismissal of this lawsuit on the merits, as the undersigned has concluded that this matter is subject to dismissal for failure to exhaust, Defendants additional arguments and evidence for dismissal have not been analyzed in this opinion.

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

