THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stafford Kearse, #241166,<br><br>               Plaintiff,<br><br>vs.<br><br>Dennis Patterson, Area Coordinator;<br>Florence Mauney, Assoc. Warden; and<br>Classification Medvar, Perry Case<br>Worker,<br><br>               Defendants.<br>_____ | Civil Action No. 9:12-1704-MGL<br><br>**Opinion and Order** |

Stafford Kearse ("Plaintiff"), a state prisoner with the South Carolina Department of Corrections ("SCDC") housed at Perry Correctional Institution, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on June 21, 2012, alleging that Defendants have violated his constitutional rights. (ECF No. 1.) Defendants deny Plaintiff's allegations. (ECF No. 23.) Plaintiff and Defendants have filed motions for summary judgment. (ECF Nos. 29 & 50.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) for the District of South Carolina, this action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling and a Report and Recommendation ("Report".) Magistrate Judge Marchant reviewed the *pro se* complaint pursuant to the provisions set forth in 28 U.S.C. §§ 1915A, 1915, and the Prison Litigation Reform Act of 1996. On February 12, 2013, Magistrate Judge Marchant issued a Report recommending that Plaintiff's motion for summary judgment be denied, that the Defendants' Motion for summary judgment be granted, and that this case be dismissed, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. The Report was mailed to Plaintiff on February 12, 2012, and on February 27, 2012, Plaintiff

filed his Objections to the Report. (ECF No.81.)[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

## BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part. In the complaint, Plaintiff alleges that on May 27, 2011, he was taken to the Institutional Classification Committee ("ICC"), without prior notice, for a hearing relating to a charge of sexual assault

---

[1] Since the filing of the Report, Plaintiff has filed two motions to compel. (ECF Nos. 85 & 90.)

upon another inmate that had occurred on October 14, 2009. (ECF No. 1.) Following the hearing, Plaintiff claims his custody classification was changed from Disciplinary Detention to Security Detention. Plaintiff further claims that he believes that as a result of the hearing, he has been classified as a sexual predator under the Prison Rape Elimination Act.

The record reflects that Plaintiff filed a Step 1 Grievance concerning his classification that was received on June 16, 2011. The record further reflects that Plaintiff's Step 1 Grievance was denied by the Warden on November 17, 2011, and that Plaintiff was advised that if he was not satisfied with the Warden's decision, he could appeal within five (5) days of receipt of the said decision. (ECF No. 50-3 at 2.) The evidence before the court indicates that Plaintiff filed a Step 2 Grievance dated November 23, 2011, directly with SCDC Headquarters and that Plaintiff's Step 2 Grievance was returned to him due to his failure to follow SCDC policy that requires inmates to file their grievances with the Institution Inmate Grievance Coordinator. (ECF No. 50-2.) Plaintiff filed this action on June 21, 2012.

In his complaint, Plaintiff claims his due process and equal protection rights were violated due to his being designated as a sexual predator and due to Defendants' failure to give him proper notice of the ICC hearing and an opportunity to respond to the issues. Plaintiff seeks declaratory and injunctive relief as well as compensatory and monetary damages. Plaintiff filed a motion for summary judgment on October 1, 2012, along with a supplement to his motion on November 5, 2012. Defendants filed a response to Plaintiff's motion for summary judgment and their own motion for summary judgment on November 19, 2012, wherein they asserted that Plaintiff had failed to exhaust his

administrative remedies.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing an action concerning his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under § 1983. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Here, Defendants argue that Plaintiff has failed to exhaust his or her administrative remedies and as such the complaint should be dismissed. It is Defendants' burden to show that a prisoner/plaintiff failed to exhaust their administrative remedies prior to bringing a lawsuit. *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir.2005). Defendants rely on the affidavit of Ann Hallman ("Hallman"), Inmate Grievance Branch Chief with SCDC, as well as attachments Hallman's affidavit in support of their motion for summary judgment and dismissal of this action. Hallman attests that Plaintiff did not exhaust his administrative remedies with respect to his claim before this Court.

4

Attached to Hallman's affidavit were copies of Plaintiff's Step 1 and Step 2 Grievance Forms. (ECF No. 50-3 & 50-4.) Hallman testified in her affidavit that Plaintiff's Step 2 Grievance was untimely[2] and, that after Plaintiff incorrectly submitted his Step 2 affidavit to SCDC Headquarters, he failed to re-file it with the Institution Grievance Counselor as required by SCDC policy. (ECF No. 50-2 at 2.) As such, Hallman asserts that Plaintiff did not exhaust his administrative remedies. *Id.*

After reviewing the applicable law, the record, and the submissions of the parties, the Magistrate Judge concluded that Defendants had met their burden of showing that Plaintiff had failed to exhaust his administrative remedies and recommended that the court grant Defendants' motion for summary judgment.

## **PLAINTIFF'S OBJECTIONS**

Plaintiff filed timely objections to the Report wherein he objects to the legal conclusions reached by the Magistrate Judge. In Plaintiff's first objection, he objects to an allegedly incorrect statement set forth in the Report. In the Report, the Magistrate Judge stated as follows:

> However, while Plaintiff might have an argument for having filed this lawsuit pursuant to this procedure if he had proceeded to do so after failing to receive a response to his Step 1 Grievance prior to the expiration of this 114 day time period, it is clear from the evidence (and indeed in Plaintiff's own exhibits and arguments) that that is not what he did.

(ECF No. 78 at 6)

Reading the sentence in isolation, Plaintiff believes that the Magistrate Judge suggested that he should have filed suit prior to the expiration of the 114-day time period. Plaintiff

---

[2] Hallman indicated that the Step 2 grievance was received on December 5, 2011, but was due November 27, 2011.

5

argues that case law indicates that he had to wait at least 114 days. However, reading the sentence in conjunction with the rest of the Report and Recommendation, the Magistrate Judge's language here appears to be referring to Respondent failing to respond to his Step 1 Grievance prior the expiration of the 114 day time period. The Magistrate Judge is stating that when no response was received and the 114 days passed, if Plaintiff had then filed this law suit before receiving an answer to his Step 1 Grievance, he may have an argument. In any event, Plaintiff did not file a law suit at that point and waited until he did receive a response to his Step 1 Grievance. The substance of the Magistrate Judge's analysis is reflective of Plaintiff failing to exhaust his administrative remedies prior to filing the instant action.

Plaintiff remaining objections are directed at the Magistrate Judge's conclusion that Plaintiff had not exhausted his administrative remedies prior to filing this action. Plaintiff appears to essentially restate his original arguments, the merits of which the Magistrate Judge previously addressed. Plaintiff, in expressing his disagreement with the Report, merely rehashes and reasserts arguments the Magistrate Judge considered and rejected. This is not a case where a Plaintiff has proceeded to court because prison officials failed to respond to his grievance. Plaintiff did receive a response his Step 1 Grievance, and then failed to timely and properly file an appeal of the denial of that grievance, despite being advised that he had improperly attempted to file his appeal with SCDC Headquarters and that he needed to file it with the Institution Grievance Counselor as required by SCDC policy. *Sullivan v. Coleman*, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form]. Yet, Plaintiff never properly filed his Step 2 Grievance. Plaintiff

6

cannot fail to properly pursue and exhaust the prison's Step 2 appeal grievance procedure under these facts, and then file a Complaint in this Court months later claiming a right to proceed anyway because he received the response to his Step 1 Grievance late. *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this Court or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting *Beeson v. Fishkill Corr. Facility*, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); *Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]  Petitioner's objections are without merit and are overruled.

## **CONCLUSION**

After reviewing the record in this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Magistrate Judge that Defendants have met their burden of establishing Plaintiff failed to exhaust his administrative remedies.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's motion for summary judgment is DENIED and Defendants' motion for summary judgment is GRANTED.  All other motions are MOOT and this matter is Dismissed without prejudice, due to Plaintiff's failure to exhaust his administrative remedies.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

August 22, 2013
Spartanburg, South Carolina